# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. ORTIZ-MEDINA, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-2133 |
| v. | : | |
| | : | (Judge Rambo) |
| E. BRADLEY, *et al.*, | : | |
|     Defendants | : | |

## **MEMORANDUM**

On December 17, 2019, *pro se* Plaintiff Daniel Ortiz-Medina ("Plaintiff"), who is currently incarcerated at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"), initiated the above-captioned action by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants E. Bradley ("Bradley"), the Warden of USP Canaan, and FNU Bodge ("Bodge"), an S.I.S. Officer at USP Canaan. (Doc. No. 1.) He also filed a handwritten motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) In an administrative Order dated December 17, 2019, the Court directed Plaintiff either to pay the requisite filing fee or submit a complete motion for leave to proceed *in forma pauperis* within thirty (30) days. (Doc. No. 5.) The Court received Plaintiff's completed motion for leave to proceed *in forma pauperis* on January 13, 2020. (Doc. No. 6.)

In a Memorandum and Order dated January 22, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and performed its mandatory screening

of the complaint pursuant to the Prison Litigation Reform Act of 1995 ("PLRA").[1]
The Court dismissed Plaintiff's complaint for failure to state a claim and granted him thirty (30) days to file an amended complaint. (Doc. Nos. 9, 10.) More than thirty (30) days passed, and Plaintiff did not file an amended complaint. Accordingly, in an Order dated February 26, 2020, the Court dismissed the above-captioned case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. No. 11.)

On May 5, 2020, the Court received an amended complaint from Plaintiff. (Doc. No. 12.) The amended complaint is dated January 28, 2020 and is postmarked as of January 29, 2020. (*Id.* at 11-12.) While the Court received the amended complaint well after the thirty (30)-day period for Plaintiff to amend, the Court is cognizant that Plaintiff, as an incarcerated individual, cannot be faulted for the lengthy period of time that it took the amended complaint to reach the Court. Accordingly, the Court will vacate its February 26, 2020 Order dismissing the above-captioned case for failure to prosecute (Doc. No. 11) and will perform a screening of the amended complaint. For the reasons set forth below, however, the Court will dismiss the amended complaint for failure to state a claim upon which relief may be granted.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

## I. BACKGROUND

### A. Plaintiff's Initial Complaint

Plaintiff alleged that he arrived at USP Canaan on December 10, 2018 and "immediately requested protection" because he feared for his life and safety as a "drop-out gang member." (Doc. No. 1 at 4.) Plaintiff was told to complete some paperwork detailing why he needed to be placed in protective custody, which he did. (*Id.*) Plaintiff was placed in the Special Housing Unit ("SHU") pending an S.I.S. investigation. (*Id.*) He alleged that the investigation was started by S.I.S. Rosehance but was then passed to Defendant Bodge. (*Id.*)

When Plaintiff's cellmate in the SHU was released to general population, Plaintiff asked him to pass on a letter to members of the G-27 and Black Hand gangs, asking them if it was safe for Plaintiff to come out of protective custody. (*Id.*) Plaintiff asked this because, he alleged, Defendant Bodge told him that he "was going to rot in [the SHU] if [he] did not debrief." (*Id.* at 5.) Plaintiff responded that he had not been a gang member since 2001 and therefore had no information "about any gang." (*Id.*)

On March 21, 2019, Defendant Bodge brought Plaintiff a memorandum asking him to indicate whether or not he would debrief. (*Id.*) Plaintiff signed "where it stated that [he] wouldn't debrief." (*Id.*) Defendant Bodge then told Plaintiff that the G-27 and Black Hand members told her that Plaintiff "couldn't come out to the

general population because [he] was no good [and] that they would have to kill [him]." (*Id.*) Plaintiff maintains that Defendant Bodge "ignored their statements [and] continued focused and obsessed in making [him] debrief which never happened." (*Id.*) Plaintiff grieved the issue, and Defendant Bradley responded "that there was nothing he could be able to do because he had to go through whatever the S.I.S. investigation decided." (*Id.*)

Plaintiff remained in the SHU for seven (7) months until he was transferred to USP McCreary and then FMC Lexington. (*Id.* at 5-6.) He maintained that while in the SHU, he was not given his property, including his legal property. (*Id.* at 6.) Plaintiff claimed that his inability to access his legal property affected various motions that were pending in his criminal case in the United States District Court for the District of Puerto Rico as well as a civil lawsuit that was dismissed without prejudice by the United States District Court for the Middle District of Florida. (*Id.*) Plaintiff alleged that Defendants' actions also caused him emotional and mental distress in violation of 18 U.S.C. § 2340, and that they "left Plaintiff without communication with family members, friends, courts, lawyers, etc." (*Id.* at 6-7.)

Based on the foregoing, Plaintiff asserted that his rights under the First, Fifth, Sixth, and Eighth Amendments were violated. (*Id.* at 6.) As relief, he sought compensatory and punitive damages. (*Id.* at 7.)

4

## B. January 22, 2020 Memorandum and Order

In its January 22, 2020 Memorandum and Order, the Court concluded that Plaintiff's complaint, as pled, failed to state a claim upon which relief may be granted. The Court noted that Plaintiff could not maintain any claims pursuant to 18 U.S.C. § 2340 because criminal statutes do not provide a private cause of action or a basis for civil liability. (Doc. No. 9 at 7-8.) The Court concluded further that Plaintiff could not maintain claims against Defendant Bradley "by virtue of his participation in after-the-fact review of Plaintiff's grievance concerning his placement in the SHU and his refusal to debrief." (*Id.* at 8.) With respect to Plaintiff's First Amendment claims, the Court indicated that Plaintiff had not pled a plausible access to the courts claim because he failed to "describe what legal materials he was denied or the claims those materials would allegedly support and how access to his attorney would have supported such claims." (*Id.* at 11.) Plaintiff also did not plead a plausible retaliation claim because the complaint failed to suggest that he had engaged in constitutionally protected activity. (*Id.* at 12-14.) Finally, Plaintiff had not set forth a plausible claim regarding denial of communication with family members and friends. (*Id.* at 14-15.)

The Court next addressed Plaintiff's First Amendment claims, concluding that he could not maintain a claim regarding the deprivation of his property because Plaintiff had not alleged that administrative procedures were not available to him to

address such loss. (*Id.* at 15-16.) The Court found further that Plaintiff's seven (7)-month placement in the SHU failed to implicate due process concerns. (*Id.* at 16-17.) The Court concluded further that Plaintiff had failed to set forth a plausible Sixth amendment claim regarding his inability to communicate with his lawyers because he "fail[ed] to allege that he was subject to any further criminal charges or that he was currently in the process of an appellate or collateral attack on his conviction during the relevant time." (*Id.* at 18.) Finally, the Court concluded that Plaintiff's complaint was devoid of any allegations regarding how Defendants violated his Eighth Amendment rights. (*Id.* at 18-19.) The Court granted Plaintiff leave to file an amended complaint with respect to all claims except his claim pursuant to 18 U.S.C. § 2340 and his Fifth Amendment due process claim regarding his placement in the SHU. (*Id.* at 20-21.)

### C. Plaintiff's Amended Complaint

Plaintiff again names Defendants Bradley and Bodge and adds the United States of America as a Defendant in his amended complaint. (Doc. No. 12 at 1.) Plaintiff alleges that on December 10, 2018, he arrived at USP Canaan and "stated that [he] was a gang drop out [and] filled [out] a package in order to be placed in S.H.U. under protective custody." (*Id.* at 4.) He maintains that Defendant Bodge did not interview him until March 21, 2019 "just to try to [force] Plaintiff to debrief which [he] refused." (*Id.*) Plaintiff avers that he "stated that [he] had a cooperating

6

5K1.1 in one of [his] criminal cases [and] that that on its own put [his] life in jeopardy in any gang active institution." (*Id.*) Plaintiff "filed through the Warden [and his] issues were ignored." (*Id.*) He asserts that he never received his personal and legal property while at USP Canaan. (*Id.* at 5.) He maintains further that he "went through plenty of emotional distress [and] mental suffer[ing]." (*Id.*)

Based upon the foregoing, Plaintiff asserts violations of his First, Fifth, Sixth, and Eighth Amendment rights. (*Id.* at 3.) He bases these claims on Defendants "continuing to maintain [his] life in jeopardy [and] restricting [him] from communicating with the courts, lawyers, family members, friends, etc." (*Id.* at 5.) As relief, Plaintiff seeks $6,000,000.00 in damages. (*Id.*)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted.").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft*

8

*v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*,

629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B. *Bivens* Claims

A *Bivens* civil rights action asserted under 28 U.S.C. § 1331 is evaluated using the same standards applicable to a 42 U.S.C. § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under *Bivens*, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. *See Young v. Keohane*, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

### A. Plaintiff's Amended Complaint

#### 1. Claims Against the United States

As noted above, Plaintiff has added the United States of America as a Defendant in this action. Plaintiff, however, cannot maintain his *Bivens* action against the United States. *See Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007) (noting that "*Bivens* claims against the United States are barred by sovereign

immunity, absent an explicit waiver"). Accordingly, the Court will dismiss the United States of America as a Defendant.

### 2. Claims Against Defendant Bradley

It appears that Plaintiff once again attempts to assert claims against Defendant Bradley by virtue of his participation in after-the-fact review of Plaintiff's grievances and administrative remedies. (Doc. No. 12 at 4.) As the Court previously informed Plaintiff, however, he cannot do so. (Doc. No. 9 at 8-10). Accordingly, any claims asserted by Plaintiff in an attempt to establish liability against Defendant Bradley based solely upon the substance of his respective responses, or lack thereof, to his grievances and administrative remedies will be dismissed.

### 3. First Amendment Claims

Plaintiff again alleges that he was denied his legal property and access to his attorneys and that his communication with family and friends was restricted. (Doc. No. 12 at 5.) Plaintiff's amended complaint, however, fails to correct the defects the Court previously noted in his initial complaint.

#### a. Access to the Courts Claim

It is well-settled that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "In order to state a claim of the denial of access to the courts, a prisoner such as [Plaintiff] must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury." *Ross*

*v. Clerk of Courts of Court of Common Pleas of Philadelphia*, 726 F. App'x 864, 865 (3d Cir. 2018) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). A complaint raising an access to the courts claim "must describe the underlying claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Christopher v. Harbury*, 536 U.S. 403, 416-18 (2002).

The amended complaint again fails to set forth a plausible access to the courts claim. Plaintiff merely asserts that he never received his legal materials while at USP Canaan and that access to his attorneys was restricted. (Doc. No. 12 at 5.) Plaintiff again, however, fails to describe what legal materials he was denied or the claims those materials would allegedly support and how access to his attorney would have supported such claims. *See Heath v. Link*, 787 F. App'x 133, 136 (3d Cir. 2019) (concluding same regarding legal materials). Moreover, Plaintiff has not alleged any facts about the merits of his underlying criminal and civil claims, let alone allege that he suffered an actual injury. *See Presbury v. Wetzel*, --- F. App'x ----, No. 19-2586, 2020 WL 110234, at *1-2 (3d Cir. Jan. 9, 2020) (concluding same). Accordingly, Plaintiff's access to the courts claim is subject to dismissal.

### b. Denial of Communication Claim

Plaintiff asserts that Defendants restricted his communication with family members and friends. (Doc. No. 12 at 5.) "Inmates have a right protected under the First Amendment to communicate with their family and friends by reasonable means." *Stokes v. Lanigan*, No. 12-1478, 2012 WL 4662487, at *5 (D.N.J. Oct. 2, 2012); *see also Almahdi v. Ashcroft*, 310 F. App'x 519, 521-22 (3d Cir. 2009) (noting that the "constitutional right at issue has been described as the right to communicate with people outside prison walls").

To the extent Plaintiff is alleging that he was unable to receive visits as a form of communication, "there is no constitutional right to visitation." *Flanagan v. Shively*, 783 F. Supp. 922, 934 (M.D. Pa. 1992); *see also Neumeyer v. Beard*, 301 F. Supp. 2d 349, 351 (M.D. Pa. 2004). Furthermore, inmates "ha[ve] no right to unlimited telephone use." *Almahdi*, 310 F. App'x at 522. "[W]here a prisoner has access to alternative means of communicating with family and friends outside of prison, such as via the mail or in person visits, restrictions on telephone use are viewed as less serious and are more likely to be found reasonable." *Love v. New Jersey Dep't of Corr.*, No. 14-5629 (SDW), 2015 WL 2226015, at *3 (D.N.J. May 12, 2015). The amended complaint, as pled, is devoid of any factual allegations regarding how Defendants restricted his ability to communicate with family and

friends. Accordingly, Plaintiff's First Amendment claims regarding the denial of communication are subject to dismissal once again.

### 4. Fifth Amendment Claim

Plaintiff again maintains that Defendants violated his Fifth Amendment rights by depriving him of his personal property. (Doc. No. 12 at 5.) The Fifth Amendment provides, in part, that no person shall be deprived of property without due process of law. U.S. Const. amend. V. Due process claims for negligence deprivations of property, however, are barred by *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The Third Circuit has held that an inmate fails to state a procedural due process claim regarding intentional deprivations of property when he is provided with a meaningful post-deprivation remedy regarding the loss of his property through an internal grievance procedure. *Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Thus, "the relevant inquiry is whether an adequate post-deprivation remedy was available to [Plaintiff] to address the loss of his property." *Toney v. Sassaman*, No. 4:11-cv-780, 2014 WL 1056826, at *11 (M.D. Pa. Mar. 18, 2014), *aff'd*, 588 F. App'x 108 (3d Cir. 2015). The Bureau of Prisons ("BOP")'s Administrative Remedy Program "allows inmates to seek formal review of an issue relating to any aspect of his or her confinement." *Id.* The BOP "also has an administrative tort claims procedure whereby a federal inmate may file a claim with regard to his damaged or lost property." *Id.* Plaintiff

14

does not allege in his amended complaint that these procedures were not available to him. Accordingly, he has failed to set forth a plausible Fifth Amendment due process claim regarding the deprivation of his property.

### 5. Sixth Amendment Claims

Plaintiff again claims that his Sixth Amendment rights were violated, presumably based upon his allegation that he was unable to communicate with his lawyers. (Doc. No. 12 at 3, 5.) The Sixth Amendment provides that "[in] all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right, however, "does not attach until a prosecution is commenced, that is, at or after the initiation of adversary judicial criminal proceedings." *Texas v. Cobb*, 532 U.S. 162, 167-68 (2001). Here, Plaintiff, a convicted prisoner, fails to allege that he was subject to any further criminal charges or that he was currently in the process of an appellate or collateral attack on his conviction during the relevant time. Accordingly, Plaintiff has failed to set forth a plausible Sixth Amendment claim. *See Love*, 2015 WL 2226015, at *4 (concluding same regarding convicted prisoner's Sixth Amendment claim).

### 6. Eighth Amendment Claims

Finally, Plaintiff alleges that Defendants' actions violated his Eighth Amendment rights. (Doc. No. 1 at 6.) There are several types of Eighth Amendment claims, including claims alleging: denial of, or inadequate access to, medical care;

exposure to adverse conditions of confinement; and the use of excessive force by prison guards. An Eighth Amendment claim includes both objective and subjective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. *See id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *See id.*

Here, Plaintiff's complaint is devoid of factual allegations regarding how Defendants violated his Eighth Amendment rights. He has not alleged that he was exposed to adverse conditions of confinement while in the SHU, and simply being placed in the SHU is insufficient to set forth a violation of the Eighth Amendment. *See Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009); *see also Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1991) (noting that placing an inmate in restricted housing does not violate the Eighth Amendment "as long as the conditions of confinement are not foul, inhuman or totally without penological justification"); *Milhouse v. Arbasak*, No. 07-1442, 2009 WL 1119488, at *3 (E.D. Pa. Apr. 27, 2009) (concluding that mere placement in the SHU did not implicate the Eighth Amendment). Likewise, the deprivation of property is insufficient to maintain an Eighth Amendment claim. *See Young v. Edward*, No. 17-cv-1736, 2018 WL 4616245, at *3 (M.D. Pa. Sept. 26, 2018).

Plaintiff vaguely asserts that Defendants ignored the "issue concerning [his] safety" and "continu[ed] to maintain [his] life in jeopardy." (Doc. No. 12 at 5.) The Court, therefore, construes Plaintiff's complaint as asserting an Eighth Amendment failure to protect claim. To maintain such a claim, Plaintiff "must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff's amended complaint, however, fails to plead facts suggesting such. Rather, the amended complaint suggests that Defendants responded to Plaintiff's fears of danger from gang members by placing him in the SHU. Nowhere in the amended complaint does Plaintiff suggest that he was harmed by any gang members for being a "gang drop out." Accordingly, Plaintiff's Eighth Amendment claims are subject to dismissal as well.

### B. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*,

371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). In the instant case, the Court concludes that it would be futile to permit Plaintiff to file a second amended complaint because he has already been granted an opportunity to cure the deficiencies identified in his initial complaint and his amended complaint failed to cure such deficiencies.

## IV. CONCLUSION

For the foregoing reasons, the Court will vacate its February 26, 2020 Order dismissing the above-captioned case for failure to prosecute. (Doc. No. 11.) The Court will, however, dismiss Plaintiff's amended complaint (Doc. No. 12) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be provided leave to file a second amended complaint. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge